UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NOS. 23-60956-CIV-ALTMAN
21-60184-CR-ALTMAN

**SAMANTHA JOHNSON**,

*Movant*,

v.

**UNITED STATES OF AMERICA**,

*Respondent.*

_____/

## ORDER

Samantha Johnson pled guilty to one count of conspiracy to defraud the United States and, for that crime, is serving a 30-month sentence in the custody of the Bureau of Prisons. *See* Second Amended Judgment, *United States v. Johnson*, No. 21-60184-CR-ALTMAN (S.D. Fla. Aug. 31, 2022), ECF No. 98 at 1–2. She's now filed a motion to vacate her conviction and sentence under 28 U.S.C. § 2255. *See* Motion to Vacate ("Motion") [ECF No. 1]. Johnson believes that her Motion is untimely under the limitations period set out in 28 U.S.C. § 2255(f)(1), and she tries to justify that untimeliness by claiming that (1) she "did not have access to the law library due to the COVID 19 pandemic" and (2) "[t]he resources she needed to prepare, copy, and study for her pro se 2255 petition were virtually inaccessible[.]" *Id.* at 10–11. We've already interpreted this as a request for "us to find that § 2255's limitations period was equitably tolled." Limited Order to Show Cause [ECF No. 3] at 1.

Since the timeliness of Johnson's Motion was very much in doubt, we ordered the Government to "file a limited Response addressing the timeliness of the Motion." *Id.* at 2. The Government filed that Response on June 13, 2023. *See* Response Memorandum of Fact and Law Addressing Whether Johnson's 28 U.S.C. § 2255 Motion is Timely ("Response") [ECF No. 7]. After

careful review, we agree with the Government that Johnson isn't entitled to equitable tolling and that, as a result, her Motion must be **DISMISSED**.

## THE FACTS

A grand jury in our District charged Johnson with one count of conspiracy to wrongfully disclose individually identifiable health information (Count 1) and nine substantive counts of wrongfully disclosing individually identifiable health information (Count 2–10). *See* Indictment, *United States v. Johnson*, No. 21-60184-CR-ALTMAN (S.D. Fla. June 30, 2021), ECF No. 1 at 1–13. The Government alleged, and Johnson later admitted, that Johnson and a co-conspirator gained access to the "personal identifying information address and telephone contact numbers of individuals [who] were patients at Memorial Health Care System" in Hollywood, Florida. *See* Factual Proffer, *United States v. Johnson*, No. 21-60184-CR-ALTMAN (S.D. Fla. Jan. 24, 2022), ECF No. 58 at 1. Johnson then used that information "to obtain leads on acquiring distressed, abandoned[,] foreclosed and/or probated real property." *Id.* at 3. On January 24, 2022, Johnson pled guilty to Count 1 of the Indictment, and the Government later dismissed the remaining counts. *See* Plea Agreement, *United States v. Johnson*, No. 21-60184-CR-ALTMAN (S.D. Fla. Jan. 24, 2022), ECF No. 57 at 1.

On March 24, 2022, we sentenced Johnson to 30 months in prison. *See* Judgment, *United States v. Johnson*, No. 21-60184-CR-ALTMAN (S.D. Fla. Mar. 24, 2022), ECF No. 76 at 1–2. We also ordered Johnson to pay *some* restitution, but we deferred until a later date a final determination of the specific amount she would owe in restitution. *See id.* at 6. We then amended Johnson's judgment two more times. *First*, on March 28, 2022, we added a provision recommending that "[t]he defendant be placed at FCI Tallahassee[.]" Amended Judgment, *United States v. Johnson*, No. 21-60184-CR-ALTMAN (S.D. Fla. Mar. 28, 2022), ECF No. 78 at 2. *Second*, on August 31, 2022, we amended the judgment to reflect the parties' stipulation that Johnson owes $59,387.02 in restitution. *See* Second Amended Judgment,

*United States v. Johnson*, No. 21-60184-CR-ALTMAN (S.D. Fla. Aug. 31, 2022), ECF No. 98 at 6. Johnson never filed a direct appeal. *See generally* Docket.

On April 25, 2023,[1] Johnson filed a *pro se* "Motion to Request Extension of Time to File Petition Pursuant to 28 U.S.C. § 2255." Motion for Extension of Time, *United States v. Johnson*, No. 21-60184-CR-ALTMAN (S.D. Fla. May 2, 2023), ECF No. 111. In that motion, Johnson asked us to extend § 2255's limitations period by ninety days because she didn't have "full access to the law library" and because she lacked "adequate time to properly prepare" a § 2255 motion. *Id.* at 1–2. We denied Johnson's motion for an extension of time, explaining that "we can't preemptively grant a motion for extension of time" in a § 2255 proceeding *before* the movant has filed her motion to vacate in the first place. Paperless Order, *United States v. Johnson*, No. 21-60184-CR-ALTMAN (S.D. Fla. May 3, 2023), ECF No. 112 (citing *United States v. Cuya*, 964 F.3d 969, 972 (11th Cir. 2020)); *see also Swichkow v. United States*, 565 F. App'x 840, 844 (11th Cir. 2014) ("Here, because Swichkow had yet to file an actual § 2255 motion at the time he sought an extension to the limitations period, there was no actual case or controversy to be heard. Thus, the district court properly concluded that it lacked jurisdiction to consider Swichkow's requests for an extension of time to file a § 2255 motion absent a formal request for habeas relief."). Johnson filed her § 2255 Motion on May 15, 2023. *See* Motion at 12.

## THE LAW

"Section 2255 allows a federal prisoner to seek post-conviction relief from a sentence imposed in violation of the Constitution or laws of the United States or if it is otherwise subject to collateral attack." *Murphy v. United States*, 634 F.3d 1303, 1306 (11th Cir. 2011). But "Congress created a one-

---

[1] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). "Absent evidence to the contrary, [courts] assume that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014).

year statute of limitations for § 2255 motions" in § 2255(f), *id.* at 1307, which provides that "[t]he limitation period shall run from the latest of":

    (1)  the date on which the judgment of conviction becomes final;

    (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)–(4).

Still, a § 2255 movant can, in very limited circumstances, file an otherwise untimely motion to vacate. *First*, "§ 2255's period of limitations may be equitably tolled." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). Equitable tolling applies if the movant can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). *Second*, an untimely motion will be excused if the movant presents proof of her "actual innocence." *See McQuiggin v. Perkins*, 569 U.S. 383, 393 (2013) ("[A] prisoner's proof of actual innocence may provide a gateway for federal habeas review of a procedurally defaulted claim of constitutional error."). To avail herself of the actual-innocence exception, the movant must satisfy two elements. *One*, she must "support the actual innocence claim 'with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Arthur v. Allen*, 452 F.3d 1234, 1245 (11th Cir. 2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). In this context, "[a]ctual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (cleaned up). *Two*, she must show

that, in light of this new evidence, "it is more likely than not that no reasonable juror would have convicted [the movant]." *Schlup*, 513 U.S. at 329.

## ANALYSIS

Both Johnson and the Government agree that Johnson's Motion is untimely under § 2255(f), and Johnson doesn't allege that she's "actually innocent" of the crimes she pled guilty to. *See generally* Motion; Response. The sole issue before us, then, is whether Johnson is entitled to equitable tolling. *See* Motion at 11 ("Petitioner feels that she qualifies for the extended time in which to file her petition [which] is only 1 1/2 months past her 1 year time limit."); Response at 5 ("There is no dispute that the Motion is untimely. The only question is whether the untimeliness should be excused.").[2] Johnson insists that the effects of the COVID-19 pandemic constituted an "extraordinary circumstance" that prevented her from filing her Motion on time because the prison restricted her access to the law

---

[2] We'll pause here to point out a circuit split that, in different circumstances, might have saved Johnson's case. As we've explained, our original March 24, 2022 Judgment deferred the imposition of restitution until a later date. *See* Judgment, *United States v. Johnson*, No. 21-60184-CR-ALTMAN (S.D. Fla. Mar. 24, 2022), ECF No. 76 at 6. We then issued the Second Amended Judgment on August 31, 2022, after the parties stipulated to the precise amount of restitution Johnson would owe as part of her sentence ($59,387.02). *See* Second Amended Judgment, *United States v. Johnson*, No. 21-60184-CR-ALTMAN (S.D. Fla. Aug. 31, 2022), ECF No. 98 at 6. The Ninth and Tenth Circuits have taken opposite views on whether an amended judgment that *only* resolves a deferred restitution amount affects a motion to vacate's timeliness under § 2255(f)(1). *Compare United States v. Anthony*, 25 F.4th 792, 800–01 (10th Cir. 2022) ("The issue before us is not whether Anthony's § 2255 period of limitations was extended or restarted—rather, the issue is whether Anthony's one-year period under § 2255 ever started in the first place. Because restitution proceedings are still pending, we conclude Anthony's § 2255 limitations period has yet to begin."), *with United States v. Gilbert*, 807 F.3d 1197, 1201 (9th Cir. 2015) ("We hold that when a judgment imposes a sentence but leaves the amount of restitution to be determined, the one-year statute of limitations to file a § 2255 motion does not restart when the specific amount of restitution is later entered.").

Fortunately, we don't need to decide today whether we agree with the Ninth or the Tenth Circuit on this question because *both* parties agree that the original March 24, 2022 Judgment was the final "judgment of conviction" for § 2255(f) purposes. Johnson has thus unambiguously waived any alternative argument she could've made on this issue. *See United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) ("[F]ailure to raise an issue in an initial brief . . . should be treated as a forfeiture of the issue, and therefore the issue may be raised by the court sua sponte [only] in extraordinary circumstances."); *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012) ("[T]he failure to make arguments and cite authorities in support of an issue waives it."); *In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009) ("Arguments not properly presented . . . are deemed waived.").

library. *See* Motion at 10–11 ("Petitioner did not have access to the law library due to the COVID 19 pandemic. The resources she needed to prepare, copy, and study for her pro se 2255 petition were virtually inaccessible and not open for her full use until the beginning of 2023."). We find this argument unpersuasive for two reasons.

*First*, the Eleventh Circuit has repeatedly held that "lockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate." *Dodd v. United States*, 365 F.3d 1273, 1283 (11th Cir. 2004); *see also Miller v. Florida*, 307 F. App'x 366, 368 (11th Cir. 2009) ("[E]ven restricted access to a law library, lock-downs, and solitary confinement do not qualify as extraordinary circumstances warranting equitable tolling."). And district courts throughout our Circuit have uniformly held that law-library restrictions caused by the COVID-19 pandemic should be treated no differently. *See, e.g.*, *Lutgen v. United States*, 2023 WL 2475309, at *5 (S.D. Fla. Mar. 13, 2023) (Bloom, J.) ("However, this circuit's precedent is that 'lockdowns and similar limitations imposed because of the COVID-19 pandemic were not extraordinary circumstances which by themselves justify equitable tolling.'" (quoting *Powell v. United States*, 2022 WL 2811987, at *1 (11th Cir. Feb. 8, 2022))); *Franco v. United States*, 2021 WL 1546021, at *4 n.5 (M.D. Fla. Apr. 20, 2021) (Whittemore, J.) ("Specifically, courts have declined to grant equitable tolling based on prison lockdowns due to Covid-19."); *Hagler v. United States*, 2022 WL 18144297, at *5 (S.D. Ala. Oct. 18, 2022) (Nelson, Mag. J.) ("Access to the law library was not restricted solely for [the movant]—but for everyone. His circumstances were no more unique than those of any other prisoner seeking relief under § 2255 at these respective correctional facilities during the pandemic. As such, they are not extraordinary and do not entitle him to tolling."), *report and recommendation adopted*, 2023 WL 122399 (S.D. Ala. Jan. 6, 2023) (Moorer, J.).

*Second*, the Government has produced compelling evidence for its view that Johnson didn't face *any* law-library restrictions during the COVID-19 pandemic. Johnson was housed at the Federal

Detention Center in Miami, Florida, from September 22, 2022, until December 16, 2022. *See* Declaration of Charlene Brown ("Brown Decl.") [ECF No. 7-1] at 1. During that time, "there were no pandemic modified operations memorandum or lockdowns that would impede an inmate's access to the Main Leisure Library/Electronic Law Library or the unit's Electronic Law Library[.]" *Id.* at 2. Similarly, the law library at FCI Tallahassee—where Johnson has been housed since December 16, 2022—"has been open and available for inmate access" without any COVID-related operational restrictions since her arrival. Declaration of Tsa Quinn ("Quinn Decl.") [ECF No. 7-2] at 2. The Government's records also show that, since her arrival on December 16, 2022, Johnson has frequently accessed FCI Tallahassee's electronic law-library workstations. *See generally* Workstation User Report [ECF No. 7-5] at 1–5. We thus agree with the Government that "Johnson's claim that she lacked access to the law library due to the pandemic is belied by the record." Response at 5.

\*     \*     \*

Because Johnson hasn't shown that "some extraordinary circumstance stood in [her] way" and prevented her from filing a timely § 2255 motion, she cannot rely on equitable tolling. *Holland*, 560 U.S. at 649. Moreover, since Johnson isn't actually innocent—and because she concedes that her Motion is untimely under the limitations periods of § 2255(f)— her Motion is time-barred and must be dismissed.

### EVIDENTIARY HEARING

We don't need a hearing to develop the factual record in this case. *See Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) ("[A] district court need not hold a hearing if the allegations are patently frivolous, based upon unsupported generalizations, or affirmatively contradicted by the record." (cleaned up)). Since the Petition is plainly untimely, a hearing wouldn't help us.

### CERTIFICATE OF APPEALABILITY

A Certificate of Appealability ("COA") is appropriate only when the movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To deserve a COA, therefore, the movant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a district court has disposed of claims . . . on procedural grounds, a COA will be granted only if the court concludes that 'jurists of reason' would find it debatable both 'whether the petition states a valid claim of the denial of a constitutional right' and 'whether the district court was correct in its procedural ruling.'" *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001) (quoting *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000)). Because no jurists of reason would debate whether Johnson is entitled to equitable tolling, we **DENY** any request for a COA.

\* \* \*

Having carefully reviewed the record and the governing law, we hereby **ORDER AND ADJUDGE** that the Motion [ECF No. 1] is **DISMISSED** as untimely. Any request for a COA is **DENIED**. Any pending motions, including any requests for an evidentiary hearing, are **DENIED**. All deadlines are **TERMINATED**. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in the Southern District of Florida on August 4, 2023.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:  Samantha Johnson, *pro se*
     counsel of record